**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EVER DANIEL SORTO-GONZALEZ,<br>Petitioner,<br><br>v.<br><br>J.L. JAMISON, *Warden, Federal Detention Center, Philadelphia*; JOHN E. RIFE, *Acting Philadelphia Field Office Director, ICE*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; TODD BLANCHE, *Acting Attorney General of the United States*; U.S. DEPARTMENT OF HOMELAND SECURITY; and EXECUTIVE OFFICE OF IMMIGRATION REVIEW;<br>Respondents. | : | No. 2:26-cv-5918 |

**O R D E R**

**AND NOW,** this 28th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 3;[2] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center*

---

1 Petitioner Ever Daniel Sorto-Gonzalez, a citizen of El Salvador, entered the United States without inspection on or about 2019, at the United States-Mexico border. *See* Pet. ¶ 18, ECF No. 1. Since entering the country, Petitioner has lived in Telford, Pennsylvania, *see id.* ¶ 19, and has worked in the tree cutting business, *see id.* ¶ 20. He has two daughters, one of whom is autistic and has particular needs, and Petitioner is the main provider for his family. *See id.* On August 14, 2026, Petitioner was detained by DHS officials while leaving for work. *See id.* ¶ 21. Petitioner was taken into ICE custody is now being held at Philadelphia Federal Detention Center. *Id.* ¶ 22. Aside from this arrest and detention by ICE, Petitioner "does not appear to have any criminal history." Resp. at 3, ECF No. 3.

Petitioner is currently being held in ICE custody without bond having been set. Petitioner filed this Petition for Writ of Habeas Corpus, through counsel, on August 16, 2026, in which he alleges that his current detention without a bond hearing violates the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the Fifth Amendment Due Process Clause. *See* Pet. ¶¶ 5, 44-63.

2 On August 18, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania. *See* Resp. Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required. *See, e.g.* No. 2:25-cv-06518 at ECF No. 7.

*Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1. Petitioner Ever Daniel Sorto-Gonzalez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*____________
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions represent only two of dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the Immigration and Nationality Act (INA) and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

[4] Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA and due process. The Petition for Writ of Habeas Corpus is granted in part, by first ordering a bond hearing, and then ordering his immediate release from immigration custody if a bond hearing is not timely provided. To the extent Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), his request is denied for the reasons set forth in the Opinion issued in Moreno Ramirez v. Jamison, et al., No. 2:25-cv-07346 at ECF No. 15 (E.D. Pa. July 13, 2026), which is incorporated herein.